UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the October 1, 2005
TARVER/JONES II Program,

                      Plaintiff,

  -against-                            **MEMORANDUM AND ORDER**
                                                        No. 06-CV-335 (FB) (RER)
RICHARD VASQUEZ, Individually and d/b/a
RIGHT NEXT DOOR BARBER SHOP a/k/a
NEXT DOOR BARBER SHOP, and RIGHT
NEXT DOOR BARBER SHOP a/k/a NEXT
DOOR BARBER SHOP,

                      Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
JULIE COHEN LONSTEIN, ESQ.
1 Terrace Hill, Box 351
Ellenville, NY 12428

**BLOCK, Senior District Judge:**

        On January 23, 2006, plaintiff filed a complaint seeking damages for defendants' allegedly unauthorized interception and exhibition of a television program ("the Program") to which plaintiff held distribution rights. Defendants having failed to respond to the complaint or otherwise defend against this action, *see* Docket Entry #9 (Clerk's Notation of Default dated June 6, 2006); plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the Court grants the motion and refers the matter to the assigned magistrate judge for an inquest on damages.

# I.

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Plaintiff's complaint alleges that

> Upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and [was] then re-transmitted via satellite or microwave signal to various cable and satellite systems.

Compl. ¶ 19. It further alleges that, to intercept the Program, defendants "modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services[.]" *Id.* ¶ 26. Finally, it alleges that defendants exhibited the Program "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* ¶¶ 18, 32.

2

## II.

Plaintiff seeks relief under 47 U.S.C. §§ 553, 605(a) and 605(e)(4). Any person aggrieved by a violation of these statutory provisions may bring a civil action for damages, injunctive relief, attorney fees and costs. *See* 47 U.S.C. §§ 553(c), 605(e)(3).

Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." *Id.* § 553(a)(1). As pertinent here, § 605(a) provides that

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Finally, § 605(e)(4) provides that

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section [violates the statute].

By alleging that defendants intercepted the Program by means of an "illegal cable converter box or device," plaintiff has stated a claim under § 553. *See International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1003 (2d Cir. 1993) ("*Sykes I*") (holding that sale of illegal cable descrambler violated § 553). By alleging that defendants intercepted the

3

Program by means of an "illegal satellite receiver," plaintiff has stated a claim under § 605(a). *See International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996) (*"Sykes II"*) ("Section 605 not only prohibits unauthorized interception of traditional radio communications, but also communications transmitted by means of new technologies [such as] satellite communications." (quoting 1984 U.S.C.C.A.N. 4746)). In addition, regardless of the means used, plaintiff has made out a violation of § 605(a) because the unauthorized reception of any communication that originated as a satellite signal violates the statute, even if the communication later travels over a different medium. *See id.* (holding that descrambling of cable television programming violated § 605(a) because programming was transmitted to cable company via satellite).

Plaintiff has not, however, stated a claim under § 605(e)(4). This Court, in accord with several other district courts, has held that § 605(e)(4) applies only to manufacturers and distributors – and not to the end-users – of illegal pirating devices. *See Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *5 (E.D.N.Y. Oct. 5, 2005) (citing cases). The complaint contains no allegations even remotely suggesting that defendants were anything other than end users of an illegal device.

### III.

"The Second Circuit has held that where a defendant is found to have violated *both* [§ 553 and § 605(a)], the court should award damages pursuant to 47 U.S.C. § 605." *Time Warner Cable of New York City v. Taco Rapido Restaurant*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997) (citing *Sykes I*, 997 F.2d at 1007). Under that statute, a plaintiff may recover, for each violation, either actual damages or statutory damages "of not less than $1,000 or

more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i). Where, as here, the plaintiff has established that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii). In addition, § 605 mandates "the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *Id.* § 605(e)(3)(B)(iii).

## IV.

Plaintiff's motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for calculation of damages and attorney fees under 47 U.S.C. § 605.

**SO ORDERED.**

Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 22, 2006